IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WARD, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-2176 |
| | § | |
| ELLIOTT TURBOCHARGER | § | |
| GROUP INC., *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This Title VII case is before the Court on Elliott Company's ("Elliot Company") Motion to Dismiss for Insufficient Service of Process, and Lack of Personal Jurisdiction ("Elliot Company's Motion") [Doc. # 9] and Defendants Tommy Montier ("Montier") and Dan Huskey's ("Huskey") (collectively, with Elliot Company, "Movants") Motion to Dismiss for Insufficient Process, Insufficient Service of Process, and Lack of Personal Jurisdiction ("Montier & Huskey's Motion") [Doc. # 10]. Plaintiff Christopher Ward ("Plaintiff") filed a Memorandum in Opposition to Defendants' Motion to Dismiss ("Response") [Doc. # 13], to which Movants filed a Reply [Doc. # 14].¹ These motions are ripe for review. After

---

¹ Elliot Company has also filed a Motion to Modify the Court's Docket ("Motion to Modify") [Doc. # 11], seeking to change the docket entry for Document # 9 to reflect that the motion to dismiss was filed by Elliot Company, rather than named Defendant Elliot Turbocharger Group, Inc. *See* Motion to Modify, at 1. Plaintiff has not filed
(continued...)

reviewing the parties' briefing, all matters of record, and the applicable legal authorities, the Court **grants** Elliot Company's Motion and **grants** Montier & Huskey's Motion. Pursuant to Rule 4(m) of the Federal Civil Rules of Procedure, the Court **dismisses** this case **without prejudice**.

## I. BACKGROUND

On July 29, 2014, Plaintiff filed this Title VII lawsuit against "Elliot Turbocharger Group, Inc.," "Tommy Montier," and "Dan Husky [sic]" (collectively, "Defendants"). *See* Complaint for Damages ("Complaint") [Doc. # 1], ¶¶ 1, 3. Plaintiff failed to timely serve any of the Defendants before the initial pretrial and scheduling conference, originally set for October 6, 2014. *See* Order dated Sept. 22, 2014 [Doc. # 3].

The Court granted Plaintiff two extensions for the deadline to serve Defendants. The Court first extended Plaintiff's deadline to November 28, 2014, and warned Plaintiff that failure to meet this deadline to serve Defendants or show cause why this case should not be dismissed for lack of service would result in his case being dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *Id.* On

---

1 (...continued)
  a response or otherwise indicated it is opposed to the Motion to Modify. The Court **grants** Elliot Company's Motion to Modify and directs the Clerk of the Court to modify the docket entry for Document # 9 to reflect that the motion to dismiss was filed by Elliot Company.

December 1, 2014, three days after the expiration of the Court's deadline, Plaintiff requested a thirty day extension of the deadline for service and stated that he still had not served Defendants due to "some geographical constraints and the holiday time." *See* Motion for Extension [Doc. # 4], at 2. The Court again extended the deadline to serve Defendants to December 29, 2014. *See* Order dated Dec. 1, 2014 [Doc. # 5]. However, the Court warned Plaintiff that it would not grant a further extension of this deadline. *Id.*

On December 10, 2014, for the first time, Plaintiff requested issuance of summonses for each of the three Defendants. *See* Summonses in a Civil Action [Docs. # 6, # 6-1, and # 6-2]. On December 23, 2014, Plaintiff filed a memorandum stating "service of process on all of the defendants was executed on December 22, 2014." *See* Memorandum Regarding Service ("Dec. 23 Memorandum") [Doc. # 7], at 1. Plaintiff attached three unsigned and undated affidavits of service from a process server named Gary Hodges stating that, on December 22, 2014, Hodges delivered the summonses and Complaint to Randy Scott, who "is authorized to accept service" for "Montier," "Husky [sic]," and the "Elliot Turbocharger Group Inc [sic]." *See* Unsigned Affidavits of Service [Docs. # 7-1, # 7-2, and # 7-3]. On December 29, 2014, Plaintiff filed another memorandum stating "Elliot Turbocharger Group, Inc., has been properly served," but it was unable to discover the "appropriate addresses

and other relevant information to formally serve Mr. Montier and Mr. Husky [sic]." Memorandum Regarding Service ("Dec. 29 Memorandum") [Doc. # 8], at 1-2. Plaintiff, thus, admitted in the Dec. 29 Memorandum that "service on Mr. Montier and Mr. Husky [sic] has not been perfected." Dec. 29 Memorandum, at 2. Plaintiff nevertheless attached to his second memorandum the same three affidavits from Gary Hodges, this time signed and notarized on December 22, 2014. *See* Signed Affidavits of Service dated Dec. 22, 2014 [Docs. # 8-1, # 8-2, and # 8-3]. These affidavits stated that service was completed on all three Defendants by delivering copies of the summonses and Complaint on December 22, 2014, to Randy Scott, "who is authorized to accept service" for all three Defendants. *Id.*

Contrary to the affidavits and portions of the December Memoranda, it is now undisputed that none of the Defendants has been properly served. Plaintiff does not explain the discrepancies among the affidavits of service and the Dec. 23 and Dec. 29 Memoranda regarding service on Defendants. On the other hand, Movants provided uncontroverted evidence that the affidavits of service from Gary Hodges contained false statements and that Randy Scott told Hodges that he, Scott, was not authorized to accept service on behalf of any of the Defendants. *See* Declaration of Tommy Montier [Doc. # 10-1], ¶ 4; Declaration of Dan Huskey [Doc. # 10-2], ¶ 4; Declaration of Randy Scott [Doc. # 10-3], ¶¶ 2-5. The parties also agree that Elliot Turbocharger,

Inc. cannot have been properly served because, when purportedly served, it no longer existed as a corporation, and thus is not a proper party to this lawsuit. *See* Exhibit B to Elliot Company's Motion [Doc. # 9-2] (containing a print out from the Texas Secretary of State's website showing "Termination of Foreign Entity" on December 20, 2004 and a copy of the Certificate of Dissolution filed with the Delaware Secretary of State in July 2003); *see also* Response, at 2 (stating "Plaintiff will amend his Complaint for Damages to name Elliot Company as the proper defendant in this matter").

Plaintiff argues that good cause exists to grant a third extension of the deadline to serve Defendants. Response, at 2. Movants seek to dismiss this case under Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure for failure to effect service in compliance with Rule 4 of the Federal Rules of Civil Procedure. Elliot Company's Motion, at 1; Montier & Huskey's Motion, at 1. Movants argue good cause does not exist to extend the deadline a third time to serve Defendants, and that the summonses delivered by Plaintiff contain substantive deficiencies.

## II. LEGAL STANDARD

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. The party making service has the burden of demonstrating its validity when an objection to service is made." *Quinn v. Miller*, 470 F. App'x 321,

323 (5th Cir. 2012) (citing FED. R. CIV. P. 12(b)(5); *Carimi v. Royal Carribean Cruise line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).

Under Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff is required to serve a defendant within 120 days after the complaint is filed. FED. R. CIV. P. 4(m); *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). "A failure to comply with Rule 4(m)'s time requirement authorizes a district court to dismiss an action without prejudice, except upon a showing of good cause." *Lozano v. Bosdet*, 693 F.3d 485, 487 (5th Cir. 2012); *see also* FED. R. CIV. P. 4(m). Plaintiff bears the burden of showing valid service or good cause for failure to effect timely service. *Thrasher*, 709 F.3d at 511; *Sys. Signs Supplies v. U.S. Dep't of Justice Wash., D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam).

"Proof of good cause requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Thrasher*, 709 F.3d at 511 (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). "Additionally, some 'showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required.'" *Id.* (quoting *Sys. Signs Supplies*, 903 F.2d at 1013). "Even if the plaintiff lacks good cause, the court has discretion to extend the time for service."

*Id.* (citing *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008)).

### III.   ANALYSIS

As explained above, it is undisputed that Plaintiff failed to serve Defendants within the 120 day window allotted by Rule 4(m).  The Court has already extended the deadline twice for Plaintiff to serve Defendants, and one of those extensions was after the expiration of the 120 day window.  *See* Order dated Sept. 22, 2014 [Doc. # 3]; Order dated Dec. 1, 2014 [Doc. # 5].  Plaintiff argues good cause exists for a third extension of the deadline to serve Defendants because he reasonably relied on the affidavits from process server Gary Hodges, which stated he served all three Defendants by delivering a copy of the summonses and Complaint to Randy Scott, who was authorized to accept service on their behalf.  *See* Response, at 3; Signed Affidavits of Service dated Dec. 22, 2014.

However, Plaintiff does not meaningfully explain why it was reasonable to rely on the affidavits and "assume" Randy Scott was authorized to accept service on behalf of all three Defendants.  Indeed, the evidence is at best conflicting regarding what Plaintiff or counsel knew in December based on these affidavits.  Plaintiff's own questionable assertion in the Dec. 29 Memorandum that service had not been perfected on Montier and Huskey contradicts the process server's assertions in the affidavits that service was completed.  *Compare* Dec. 29 Memorandum, at 2, *with*

Signed Affidavits of Service dated Dec. 22, 2014. Plaintiff also does not explain why it was reasonable to rely on the process server's affidavits given that Plaintiff named a dissolved corporation "Elliot Turbocharger, Inc." as a defendant in this lawsuit. Finally, Plaintiff offers no explanation for why he waited until December 10, 2014, to request issuance of summonses for the first time, more than 120 days after filing the Complaint and just a little over two weeks before the Court's second extended deadline to serve Defendants.

Plaintiff relies on the presumption that a signed return of service of process affidavit from an impartial process server constitutes *prima facie* evidence that service has been completed. *See* Response, at 3 (citing *Aguirre v. CGG Land (U.S.), Inc.*, Civ. Action No. 7:14-CV-49, 2014 WL 1385888, at *3 (S.D. Tex. Apr. 9, 2014) (Alvarez, J.)). This presumption can be overcome by clear and convincing evidence from the party challenging service showing that service was not effected. *Aguirre*, 2014 WL 1385888, at *3. In this case, Movants have provided clear and convincing evidence showing that service has not been completed, and thus the presumption is inapplicable. Plaintiff has not satisfied his burden to establish good cause for granting a third extension for service of Defendants.

Plaintiff cites *Robinson v. Roxy Inestments, L.P.*, 249 F.R.D. 485 (S.D. Miss. 2008), for the proposition that "a party's good faith reliance on a process server's

affidavit of service may constitute 'good cause' for extension of the time in which to effect service of process pursuant to Rule 4(m)." Response, at 2-3. This Mississippi district court decision is not controlling precedent and, in any event, is easily factually distinguishable from this case. In *Robinson*, the district court found "no contumacious or improper conduct on the part of plaintiff" since she had "no reason to doubt" that the defendant had been served. *Robinson*, 249 F.R.D. at 487. The Mississippi court, however, did not actually grant an extension of the deadline for service because the plaintiff had already corrected the process server's error and perfected service. *Id.* In the case at bar, service remains contested, and the record reflects Plaintiff evidenced doubt that the process server actually served Defendants. As noted above, Plaintiff does not offer any explanation or evidence as to why it was reasonable to rely on the affidavits from the process server stating Randy Scott was authorized to accept service on behalf of the three named Defendants, especially when Plaintiff, at the same time, asserted in his Memoranda that service had not been completed on two of the three Defendants and it was easily ascertainable that the third Defendant had long ceased to exist as a corporation.

Accordingly, the Court concludes that Plaintiff has not established good cause exists under Rule 4(m) to further extend the deadline to serve process on Defendants. The Court also declines to exercise its discretion to extend that deadline. The Court

already has extended the deadline twice and Plaintiff failed to diligently serve Defendants.

Because Defendants have not been served and the Court finds good cause does not exist to extend the deadline for service a third time, the Court grants Movants' motions to dismiss this case under Rule 12(b)(5) and dismisses this case for failure to serve Defendants in compliance with Rule 4(m). The Court does not reach Movants' arguments regarding the alleged substantive deficiencies in the summonses or the requests for dismissal under Rules 12(b)(2) and 12(b)(4). *See* Reply, at 6-7.

Finally, Movants and Plaintiff ask the Court to dismiss this case without prejudice. Reply, at 7; Response, at 5-6. The Court agrees, pursuant to Rule 4(m), that this case should be dismissed without prejudice.

### III.   CONCLUSION AND ORDER

For the reasons stated herein, it is hereby

**ORDERED** that Non-Party Elliott Company's Motion to Dismiss for Insufficient Service of Process, and Lack of Personal Jurisdiction [Doc. # 9] and Defendants Tommy Montier and Dan Huskey's Motion to Dismiss for Insufficient Process, Insufficient Service of Process, and Lack of Personal Jurisdiction [Doc. # 10] are **GRANTED**. It is further

**ORDERED** that this case is **DISMISSED without prejudice** pursuant to Rule

4(m) of the Federal Rules of Civil Procedure.  It is further

**ORDERED** that Elliot Company's Motion to Modify [Doc. # 11] is **GRANTED.**  The Clerk of the Court is directed to modify the docket entry for Document # 9 to reflect that the motion to dismiss was filed by Elliot Company.

A separate dismissal order will issue.

SIGNED at Houston, Texas, this 25th day of **February, 2015**.

_____
Nancy F. Atlas
United States District Judge